Filed 10/29/14  P. v. Rocco CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039859 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F1345244) |
| v. | |
| FRANK ROCCO, | |
| Defendant and Appellant. | |

Defendant Frank Rocco appeals a judgment of conviction following his guilty plea to elder abuse in violation of Penal Code section 368, subdivision (b)(1).[1]  On appeal, defendant asserts the trial court erred in imposing a $10,000 fine and a $31,000 penalty assessment, because the court lacked authority to impose such fine.

### STATEMENT OF THE CASE[2]

As a result of incidents of domestic violence perpetrated by defendant on his 86-year-old mother, defendant was charged with elder abuse in violation of section 368, subdivision (b)(1) in 2013.  The complaint also contained an enhancement for great bodily injury upon an elder in excess of 70 years.  (§ 12022.7, subd. (c).)

---

[1] All further statutory references are to the Penal Code.

[2] The underlying facts of this case are omitted because they are not relevant to the issues on appeal.

Defendant pleaded guilty to the charge, and admitted the enhancement. The court sentenced defendant to seven years in prison, consisting of the mitigated term of two years for elder abuse, and five years for the enhancement. In addition to the prison term, the court also ordered defendant to pay a restitution fine in the amount of $1,680, and what it termed a "general fund fine" of $10,000 plus a penalty assessment of $31,000.

## DISCUSSION

Defendant asserts the $10,000 fine and a $31,000 penalty assessment are unauthorized in this case, and must be stricken.

The court imposed the fine as follows: "Mr. Rocco, I am concerned—because of the constellation of health issues and inability to sustain employment, I'm concerned that you have been improperly relying on your mother's assets for the last several years. I'm concerned that you might otherwise inherit from the decedent. I do not believe that I have the authority to affect probate or any inheritance that you might receive, but I do have one other tool: I impose a general fund fine of $10,000 plus $31,000 penalty assessment for a total of $41,000."

When imposing the fine in this case, the court did not specify any statutory authority under which it was acting; it merely that it was imposing a "general fund fine." Moreover, the court abstract in the record states: "Cnt 1 $10,000 + PA $31,000." The abstract does not state the statutory basis for the fine imposed.

Section 672 is the general catchall provision for the imposition of fines in criminal cases, providing the "[a]mount of fine when none it fixed." (§ 672) The provision states: "Upon conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in the case of felonies, in addition to the imprisonment prescribed." (*Ibid.*)

2

Here, defendant was convicted of physical elder abuse, which is a violation of section 368, subdivision (b)(1). Section 368, subdivision (b)(1) fixes the maximum fine for a violation of the section at $6,000. (§ 368, subd. (b)(1)). Because the statute under which defendant was charged also states the fixed fine for a violation, the provisions of section 672 do not apply, and section 672 cannot form a statutory basis for the fine this case. Therefore, the court improperly ordered a fine in the amount of $10,000.

Because defendant was convicted of violating section 368, subdivision (b)(1), he was subject to a maximum fine in the amount of $6,000, and the court could have properly ordered a fine under this Penal Code section. However, the record reflects the court's motivation for ordering the fine in this case was to disgorge defendant of any inheritance he might receive from his mother's estate. The court made no mention of ordering the fine for the criminal conduct for which defendant was charged and convicted.

Defendant's crime was physical elder abuse, not financial abuse or fraud. To order a fine specifically intended to punish defendant for relying on his mother's financial support in the past, and to prevent defendant from inheriting from his mother's estate was improper. The $10,000 fine in this case served to punish defendant for conduct for which he was neither charged, nor convicted. This was a violation of defendant's constitutional rights. (See *Apprendi v. New Jersey* (2000) 530 U.S. 466, 478-483.)

## DISPOSITION

The $10,000 fine and $31,000 penalty assessment are stricken. As modified, the judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

4